**Helen DROUIN, Plaintiff,**

v.

**SYMETRA LIFE INSURANCE CO., Defendant.**

Civ.A. No. 06–10764–DPW.

United States District Court,
D. Massachusetts.

April 16, 2007.

Christopher J. Trombetta, Law Office of Christopher J. Trombetta, Mansfield, MA, for Plaintiff.

Lawrence J. Cohen Badger, Irina V. Gott Badger, Dolan, Parker, & Cohen, Boston, MA, for Defendant.

***MEMORANDUM AND ORDER ON DE-FENDANT SYMETRA LIFE INSUR-ANCE COMPANY'S MOTION TO COMPEL PLAINTIFF'S ANSWERS TO INTERROGATORIES (# 12)***

COLLINGS, United States Magistrate Judge.

Regrettably, this matter can best be described as illustrating the way NOT to act when served by opposing counsel with interrogatories pursuant to Rule 33, Fed.R.Civ.P. While, in the end, the hearing held on April 5th required the Court to rule on only one part of an interrogatory which was done in an electronic order, the Court is now faced with that part of defendant's motion which seeks an order that "... the Plaintiff pay all reasonable expenses incurred, in making the within motion and securing discovery, including attorney's fees pursuant to FRCP [sic] 37(a)(4)." # 12 at 4. Because of the events which occurred during the journey from the service of the interrogatories on or about October 13, 2006 until today, an award of expenses is warranted.

Before reciting the chronology of events, it is well to recall the federal standard which is to be applied to a request for expenses. Rule 37(a)(4)(A), Fed.R.Civ.P., reads, in pertinent part:

> If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court ***shall***,[1] after affording an opportunity to be heard, require the party ... whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Emphasis supplied.

■ Accordingly, the Court must make an award unless one or more of three circumstances appertain, i.e.:

(1) "... the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or

(2) that the opposing party's nondisclosure, response, or objection was substantially justified, or

(3) that other circumstances make an award of expenses unjust."

With this standard in mind, the Court recites the chronology. As stated earlier, the defendant served interrogatories on or about October 13, 2006. Pursuant to Rule 33(b)(3), Fed.R.Civ.P., answers and/or objections were due to be served within thirty (30) days.

That time limit came and went without any answers and/or objections being served. No requests for an extension were sought from other counsel (*See* Rule 29, Fed.R.Civ.P.) ("parties may by written stipulation" extend the time for serving answers to interrogatories so long as the extension would not interfere with other court-imposed schedules) and no request was made to the Court for an extension. (See Rule 33(b), Fed.R.Civ.P.) ("longer time [for serving answers and/or objections] may be directed by the court ...").

The failure to answer within the thirty-day period effectuated a waiver of any objections which the plaintiff might have had to the interrogatories. L.R. 33.1(C)(1) explicitly provides, in pertinent part, that "[a]ny ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived."

On November 28, 2006, plaintiff's counsel forwarded unsigned answers to the interrogatories representing that those were in fact his client's answers. On December 13, 2006, defendant's counsel wrote a letter (# 12, Exh. C) to plaintiff's counsel after they had had a telephone conversation. In the letter, defendant's counsel detailed the perceived deficiencies in the answers to eleven of the interrogatories, i.e., interrogatories # 1, 2, 4, 5, 9, 10, 11, 15, 21, 23 and 24. Basically, defendant's counsel's complaint was not that the plaintiff had objected to any of the interrogatories; rather, the complaint was that she had not answered parts of each of them.

Plaintiff's counsel never responded to the December 13th letter other than to serve a signed version of the answers on January 22, 2007; however, none of the answers had been changed. Consequently, defendant's counsel filed the motion to compel (# 12) on February 1, 2007.

---

1. It is noted that in Rule 37(a)(4), Mass. R. Civ. P., the word used is "may" rather than "shall." Thus, Massachusetts state judges have discretion on the question of whether or not to make an award of "reasonable expenses ... including attorney's fees" in such a situation over and above the discretion set forth in the clauses which follow the word "unless" which, in Massachusetts read, "... unless the court finds that the making of the motion was substantially justified or that other circumstances that make an award of expenses unjust." *Id.* In federal practice, the judges do not have this added degree of discretion but are limited to exercising discretion only when one of the circumstances listed after the word "unless" is applicable.

■ In the plaintiff's opposition filed February 14, 2007, plaintiff's counsel took the position that the plaintiff did not have to serve further answers because the information was contained in the plaintiff's deposition which was taken on January 3, 2007. Plaintiff's counsel's position was without merit. In the absence of an agreement with defendant's counsel, plaintiff's counsel had no right unilaterally to decide that his client did not have to give the information in further answers to interrogatories since the information was contained in sworn deposition answers. While it is true that duplicative discovery is disfavored, Rule 26(b)(2), Fed. R.Civ.P., makes it clear that *"the court"* may "limit" the "frequency or extent of use of ... discovery methods otherwise permitted under [the] rules ...". For an attorney faced with unreasonably duplicative discovery, the remedy is to seek protection from the Court, not just decide for himself or herself that the other side has sought "unreasonably duplicative discovery."

On February 15, 2007, the District Judge to whom this case is assigned referred the motion to compel (# 12) to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). Upon a review of the filings, the Court issued a Procedural Order, Etc. (# 17) on February 26, 2007 directing counsel to confer further in an attempt to reach an agreement. To aid counsel, the Court noted several facts as follows:

First, the Court will not order a party to answer interrogatories which it answered after the motion was filed or to answer interrogatories as to which the party asserts it has no information unless the moving party has some basis in fact which undercuts the claim of no knowledge, in which case the Court would permit deposition discovery on the issue. Second, if the answers were not timely filed, any objections are waived. *See* Local Rule

33.1(C)(1). Third, answers must be served even if the information was also disclosed in a deposition which was conducted after the interrogatories were served.

Counsel were directed to file a joint report by March 16, 2007.[2]

Each of the parties, contrary to the Court's order, filed separate reports[3] rather than a joint report. In plaintiff's statement, counsel agreed to "supplement" answers to interrogatories ## 4, 5, 9 and 11. Inexplicably, despite the fact that the Court has specifically stated in its Procedural Order, Etc. (# 12) that: "... answers must be served even if the information was also disclosed in a deposition which was conducted after the interrogatories were served," plaintiff's counsel wrote in his report:

Ms. Drouin has indicated that she did not wish to supplement other responses because the information requested had been disclosed fully in Ms. Drouin's deposition.

One is hard-pressed to fathom what plaintiff's counsel was thinking. Here the Court, in an effort to help counsel resolve the dispute, made a specific statement that the interrogatories had to be answered even though the information was given in the deposition. In response, counsel basically states that regardless of what the Court says, his client is not going to give further answers. This conduct skirts the border of being contumacious.

■ So returning to Rule 37(a)(4), Fed. R.Civ.P., the Court makes the following findings respecting those scenarios which would defeat an award of sanctions. First, the Court finds that the defendant did make "... a good faith effort to obtain the disclosure or discovery without court action" before filing the motion. Second, the Court finds that the plaintiff's "nondisclosure" was not "substantially justified." Third, the Court finds that no "... other circumstances make an award of expenses unjust."

2. Counsel for the defendant filed an objection to the Procedural Order pursuant to Rule 72(a), Fed.R.Civ.P. No motion to stay the Procedural Order was filed, and the District Judge never ruled on the objection.

3. As an aside, in their separate reports, both counsel refer to the undersigned as "Magistrate". *See* # 19 ("Plaintiff's Report to Magistrate Re-

garding Discovery") and # 20 ("Report to Magistrate Regarding Discovery Dispute"). This is an incorrect title. Over sixteen years ago, Section 321 of Pub.L. 101–650 (Dec. 1, 1990) provided that the title of the office was no longer United States magistrate but rather United States Magistrate Judge.

This brings us to the question of the amount of the sanction. Defendant's counsel seeks $2072.00. On its face, that amount seems reasonable both in terms of the billing rates and the hours expended. Plaintiff's counsel does not argue otherwise. However, the Court is somewhat concerned as to whether the full amount should be awarded. While it is the case (1) that the defendant was entitled to get answers to interrogatories even though the information was provided in the deposition and (2) that plaintiff's counsel was required to file a motion for a protective order to be relieved of answering interrogatories on the ground that the information was already disclosed in deposition testimony, does it make sense from a practical point of view to make a full award when the defendant did, in fact, receive the information in sworn deposition testimony? In other words, should the Court exercise discretion in determining the amount of the award when, in fact, the defendant gained very little by insisting upon its rights?

At the April 5th hearing, counsel for the defendant indicated that he wanted answers to the interrogatories even though the information might be found in the deposition testimony because he wanted to use the interrogatory answers at trial; as a specific example, he might want to display the interrogatory and the plaintiff's answer on a screen before the jury to illustrate a particular point, perhaps for impeachment purposes during the plaintiff's cross-examination. This is a perfectly legitimate reason, based on anticipated trial strategy, to seek interrogatory answers in addition to deposition testimony.

However, it is hard to see how some of the information which was given in the deposition but not in interrogatory answers could be used more effectively at trial in the form of interrogatory answers. For example, interrogatory # 1 asked the plaintiff to state her "full name, current address, date of birth and social security number." Put another way, plaintiff had a likelihood of succeeding at least in part if her counsel had filed a motion for a protective order based on Rule 26(b)(2)(C), Fed.R.Civ.P. And the defendant could very well have compromised and foregone demanding answers to those interrogatories which sought information which had been given in the deposition and as to which he did not have any legitimate need based on anticipated trial strategy to have in the form of interrogatory answers. There comes a point beyond which an award of costs, including reasonable attorney's fees, should not be used to compensate a party for insisting upon its rights for no practical benefit. To be clear, this does not excuse the plaintiff's conduct in not seeking a protective order before flatly refusing to answer the interrogatories. It does not excuse plaintiff's counsel reiterating his position after the Court has explicitly rejected that position in the Procedural Order, Etc. (# 17) Manifestly a sanction is warranted. However, a lesser sanction than that sought by the defendant is more appropriate in the circumstances of this case.

Accordingly, the Court awards defendant the sum of one thousand dollars ($1,000.00) as costs, including reasonable attorney's fees, caused by the plaintiff's refusal to answer the interrogatories fully and completely as required by law, even after the Court had ruled that the fact that the information was given at a deposition was not a legitimate ground for refusing to provide the answers to interrogatories. Plaintiff's counsel is ORDERED to pay to counsel for the defendant the sum of one thousand dollars ($1,000.00) *on or before the close of business on Friday, June 1, 2007.*